UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. 07-cr-20009-01 |
| | CIVIL ACTION NO. 10-cv-1519 |
| VERSUS | JUDGE DOHERTY |
| ANTHONY DARTEZ | MAGISTRATE JUDGE HANNA |

## REPORT  AND  RECOMMENDATION

(Rec. Doc. 53)

Pending before this Court is Anthony Dartez's *pro se* motion, brought pursuant to 28 U.S.C. § 2255, to vacate, set aside, or correct his sentence (Rec. Doc. 53).  This matter was referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of this Court.  The respondent was served and has filed an answer as well as a memorandum in response to the motion.  Dartez then filed a reply memorandum.  For the following reasons, it is recommended that the motion be DENIED.

### FACTUAL  BACKGROUND

In December 2006, Immigration and Customs Enforcement special agents discovered that Dartez had been sharing images of child pornography over the

internet.  They executed a search warrant at his home, and found several computer hard drives containing images of child pornography.[1]  In an indictment filed on February 13, 2007,[2] Dartez was charged with one count of possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B).  He was arrested on February 15, 2007.[3]

On November 14, 2007, Dartez pleaded guilty.  He signed a plea agreement,[4] an affidavit of understanding,[5] a stipulated factual basis for his guilty plea,[6] and an acknowledgment of the elements of the offense with which he was charged.[7]

On April 22, 2008, Dartez was sentenced to ten years of incarceration to be followed by ten years of supervised release.[8]

---

[1]     Rec. Doc. 19-2.

[2]     Rec. Doc. 4.

[3]     Rec. Doc. 36.

[4]     Rec. Doc. 19.

[5]     Rec. Doc. 19-1.

[6]     Rec. Doc. 19-2.

[7]     Rec. Doc. 19-3.

[8]     Rec. Doc. 39 at 40.

Dartez appealed, arguing that his sentence was unreasonable.  The Fifth Circuit Court of Appeals affirmed his sentence.[9]

On September 30, 2010, Dartez filed the instant motion under 28 U.S.C. § 2255.[10]  He does not argue that his plea was involuntary or that his conviction should be set aside.  Instead, he argues that the sentence imposed by the district court was too harsh.

## ANALYSIS

Dartez articulated three grounds for relief in his motion.  The first is an ineffective assistance of counsel claim.  The second and third grounds for relief are both centered on the federal Sentencing Guidelines.  In the second ground for relief, Dartez contends that the guidelines are seriously flawed.  In the third ground for relief, he asserts that new advisories concerning the Sentencing Guidelines came into effect in November 2010.  All three grounds lack merit.

---

[9]     Rec. Doc. 44.

[10]    Rec. Doc. 53.

## A.    DARTEZ'S CLAIMS CONCERNING THE SENTENCING GUIDELINES CANNOT BE RECOGNIZED.

After conviction and appeal, a defendant is presumed to "stand[] fairly and finally convicted."[11]   Thereafter, a defendant may challenge his conviction in a motion brought under Section 2255 on issues of constitutional or jurisdictional magnitude.[12]   However, a defendant may not raise a constitutional or jurisdictional error for the first time in a Section 2255 motion without showing both cause for the procedural default and actual prejudice resulting from the alleged error.[13]   A defendant may raise an error that is not of constitutional or jurisdictional magnitude in a Section 2255 motion only if the error could not have been raised on direct appeal and if it would be unjust to leave the error uncorrected.[14]   In other words, "Section 2255 provides recourse only for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised on direct appeal and, would, if condoned, result in a complete miscarriage of justice."[15] The undersigned

---

[11]      *United States v. Frady*, 456 U.S. 152, 164 (1982).

[12]      *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991).

[13]      *United States v. Pierce*, 959 F.2d 1297, 1301 (5th Cir. 1992); *United States v. Shaid*, 937 F.2d at 232.

[14]      *United States v. Pierce*, 959 F.2d at 1301; *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992).

[15]      *United States v. Perez*, 952 F.2d 908, 909 (5th Cir. 1992) (internal punctuation omitted), quoting *United States v. Capua*, 656 F.2d 1033, 1037 (5th Cir. 1981).

finds that the issues concerning the Sentencing Guidelines that were raised by Dartez in his motion do not fall within the scope of permissible Section 2255 review.

Dartez argues that his sentence should be reduced because the Second Circuit Court of Appeals has ruled that there are serious flaws in the federal Sentencing Guidelines and because no consideration was given to Sentencing Guidelines advisories that went into effect in November 2010, after Dartez was sentenced. But Dartez does not allege that the alleged misapplication of the Sentencing Guidelines resulted in the trial court having no jurisdiction, nor does he allege that the alleged misapplication of the Sentencing Guidelines deprived him of a constitutionally protected right.

The jurisprudence is clear that issues dealing with the application of the Sentencing Guidelines, such as those raised by Dartez here, are not jurisdictional or constitutional issues that are cognizable under Section 2255.[16] Consequently, these issues can be raised in this motion only if Dartez first demonstrates that these issues

---

[16]     *United States v. Smith*, 170 F.3d 184, 184 (5th Cir. 1999) (unpublished); *United States v. Cervantes*, 132 F.3d 1106, 1109 (5th Cir. 1998); *United States v. Ramirez*, 132 F.3d 1453, 1453 (5th Cir. 1997) (unpublished); *United States v. Vaughn*, 955 F.2d at 368; *United States v. Lopez*, 923 F.2d 47, 50 (5th Cir. 1991).

could not have been raised on direct appeal and, if not corrected, would result in a complete miscarriage of justice.[17]

The issues related to the Sentencing Guidelines were not raised on direct appeal, and Dartez has offered no explanation for their omission from his appeal.

To show that a complete miscarriage of justice would occur if the alleged errors of the trial court were not corrected, Dartez would have to demonstrate that "the error[s] caused the defendant to be convicted of a crime of which he is innocent."[18] In this case, however, Dartez pleaded guilty, and he does not allege that his plea was involuntary or that his conviction should, for any reason, be overturned. Therefore, he has no basis for arguing – and has not argued – that he is innocent of the crime of which he was convicted.

Consequently, Dartez cannot demonstrate that the alleged errors in applying the Sentencing Guidelines could not have been raised on appeal, and he cannot demonstrate that they resulted in a complete miscarriage of justice. Thus, the limited scope of Section 2255 precludes review of these issues.

---

[17]    *United States v. Cervantes*, 132 F.3d at 1109, citing *United States v. Pierce*, 959 F.2d at 1301.

[18]    *United States v. Shaid*, 937 F.2d at 232.

**B.**   **DARTEZ WAIVED HIS INEFFECTIVE ASSISTANCE OF COUNSEL CLAIMS.**

Dartez pleaded guilty to the crime with which he was charged.[19]   When a defendant pleads guilty, all non-jurisdictional defects in the proceedings against him are waived, including claims of ineffective assistance of counsel except insofar as the alleged ineffectiveness relates to the voluntariness of the plea.[20]   Dartez does not argue, however, that his counsel's alleged ineffectiveness led to an involuntary guilty plea.  Instead, he argues that his counsel's ineffectiveness resulted in the imposition of a sentence that is too onerous.  Consequently, his ineffectiveness of counsel claims were waived and should not now be considered.

**C.**   **DARTEZ CANNOT DEMONSTRATE THAT HE WAS PREJUDICED BY HIS COUNSEL'S ALLEGED INEFFECTIVE ASSISTANCE.**

Even if it is ultimately determined that Dartez did not waive his ineffective assistance of counsel claims, those claims lack merit.   The Sixth Amendment guarantees criminal defendants the "right to effective assistance of counsel at every critical stage of the proceedings against them."[21]   This right "is denied when a defense

---

[19]      Rec. Doc. 19.

[20]      *United States v. Glinsey*, 209 F.3d 386, 392 (5th Cir. 2000); *Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir. 1983).

[21]      *Burdine v. Johnson*, 262 F.3d 336, 344 (5th Cir. 2001).

attorney's performance falls below an objective standard of reasonableness and thereby prejudices the defense."[22]  Therefore, ineffective assistance of counsel claims are reviewed under a two-prong test established by the United States Supreme Court. A defendant must demonstrate:  (1) that his attorney's representation was deficient because it fell below an objective standard of reasonableness; and (2) that the attorney's deficient performance prejudiced the defendant.[23]  The defendant bears the burden of establishing both prongs of the test, and failure to establish either prong is fatal to the claim.[24]

In analyzing the first part of the test, judicial scrutiny of an attorney's performance must be "highly deferential," and the court must make every effort "to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's alleged conduct, and to evaluate the conduct from counsel's perspective at

---

[22]      *Yarborough v. Gentry*, 540 U.S. 1, 4 (2003), citing *Wiggins v. Smith*, 539 U.S. 510, 521 (2003) and *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

[23]      *Arnold v. Thaler*, 630 F.3d 367, 369, citing *Strickland v. Washington*, 466 U.S. at 687-688, 694; *United States v. Franks*, 230 F.3d 811, 813 (5th Cir. 2000); *United States v. Garcia*, 77 F.3d 857, 859 (5th Cir. 1996).

[24]      *Poindexter v. Quarterman*, 537 F.3d 511, 520 (5th Cir. 2008); *United States v. Franks*, 230 F.3d at 813; *Tucker v. Washington*, 115 F.3d 276, 280 (5th Cir. 1997).

the time."[25]  There is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."[26]

The second part of the test, prejudice, is satisfied only if "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."[27]  "A reasonable probability is a probability sufficient to undermine confidence in the outcome."[28]  To establish prejudice, Dartez must therefore show a reasonable probability that his sentence would have been shorter had his counsel done those things Dartez now claims should have been done – and not done those things Dartez now claims should not have been done.  These principles will be applied, in turn, to each of Dartez's five allegations of ineffectiveness.

### FIRST ALLEGATION

Dartez's first allegation is that his trial counsel was ineffective because he failed to advise Dartez that contesting the number of pornographic images in his possession could potentially break the plea agreement.  There is no evidence to

---

[25]    *Strickland v. Washington*, 466 U.S. at 689.

[26]    *Strickland v. Washington*, 466 U.S. at 689.

[27]    *Strickland v. Washington*, 466 U.S. at 694.

[28]    *Strickland v. Washington*, 466 U.S. at 694.

support this allegation.  Even after his conviction, Dartez continued to contest the number of pornographic images that he possessed,[29] but the plea agreement has not been breached or broken.

Evidence presented at the sentencing hearing established that Dartez possessed more than 10,000 pornographic images of children, and that some of the images were sadistic.[30]  Dartez admitted that he had over 600 pornographic images of children,[31] but denied at sentencing[32] – and continues to deny – that he had 10,000.[33]  The sentencing guidelines provide for enhancement of a sentence if there are over 600 images.[34]  Despite Dartez's continuing to contest the number of images in his possession, the trial court nevertheless gave him a reduction in sentence based on his acceptance of responsibility for his crime.  At sentencing, the court noted that Dartez continued to "quibble about the detail rather than recognizing the nature of the

---

[29]     Rec. Doc. 55-2.

[30]     Rec. Doc. 39 at 5, 6, 23, 25, 29.

[31]     Rec. Doc. 39 at 5, 27.

[32]     Rec. Doc. 39 at 5.

[33]     Rec. Doc. 55-2.

[34]     Rec. Doc. 39 at 27-29.

offense,"[35] but also stated "I'm not going to find your continuing refusal something that would take away your acceptance of responsibility."[36]

Therefore, the number of images in Dartez's possession was relevant to the sentencing calculation, as was his continued argument about how many images he actually possessed.  But the record contains no evidence that Dartez's ability to contest the number of images in his possession was related to the confection of the plea agreement or to the length of the sentence ultimately imposed by the trial court.  Dartez continued to dispute the number of images even after the plea agreement had been reached, and there is no indication that the plea agreement was breached in any way or at any time.  There also is no evidence that Dartez's continued dispute over the number of images he actually possessed was a factor in the trial court's decision to impose the maximum possible sentence.  To the contrary, the trial court expressly stated that Dartez's continued dispute over the number of images was not held against him when analyzing whether he had taken responsibility for his crime.

For these reasons, there is no basis for concluding that the guidance Dartez received from his counsel concerning his disputing of the number of images was either unreasonable or prejudicial.  There is no evidence that Dartez's continuing to

---

[35]     Rec. Doc. 39 at 38.

[36]     Rec. Doc. 39 at 38.

-11-

dispute the number of images led to the imposition of a longer sentence; it was the proof of the number of images – not the dispute over the number of images – that led to an enhancement of the sentence.  Dartez has not satisfied either prong of the *Strickland* test for ineffective assistance of counsel with regard to his first allegation.

### SECOND ALLEGATION

Dartez's second allegation is that his trial counsel was ineffective because he failed to negotiate a reasonable plea agreement.  Dartez implicitly argues that his counsel was ineffective for failing to object to the way his sentence was calculated under the Sentencing Guidelines. This ignores the fact that Dartez's counsel was not empowered to negotiate the sentence.  Regardless of any negotiations that might take place between government attorneys and defense counsel, the Sentencing Guidelines are now advisory,[37] and the trial court is not permitted to presume that the Guidelines range is reasonable but must make an individualized assessment based on the facts presented,[38] with the district court having the discretion to impose a sentence up to the statutory maximum of ten years imprisonment.  Dartez signed the plea agreement,

---

[37]     *United States v. Booker*, 543 U.S. 220 (2005).

[38]     *Gall v. United States*, 552 U.S. 38, 50 (2007).

which acknowledges the maximum possible sentence.[39]  He also signed a separate affidavit of understanding, in which he again acknowledged the maximum possible sentence.[40]

Each party has the opportunity to argue for whatever sentence he or she deems appropriate,[41] and in this case both parties filed briefs setting forth their positions in that regard.[42]  The Sentencing Guidelines are the "starting point and the initial benchmark,"[43] but it is the trial court that makes the decision on what sentence to impose.  Dartez's counsel did object to the presentencing report in several respects, each of which was taken up at the sentencing hearing.  Ultimately, however, the trial court was required to make an individualized assessment based on the facts presented.[44]  Therefore, regardless of whatever efforts Dartez's counsel might have made to negotiate a favorable plea agreement, counsel could not guarantee that any particular sentence short of the statutory maximum sentence would actually be imposed.  For these reasons, Dartez cannot demonstrate either that his counsel's

---

[39]     Rec. Doc. 19 at 2-3.

[40]     Rec. Doc. 19-1 at 1.

[41]     *Gall v. United States*, 552 U.S. at 49.

[42]     Rec. Doc. 39 at 33.

[43]     *Gall v. United States*, 552 U.S. at 39.

[44]     Rec. Doc. 39 at 19; *Gall v. United States*, 552 U.S. at 49.

performance was professionally deficient or that he was prejudiced – and sentenced to a longer period of incarceration – because of his counsel's negotiation skills. Dartez has not satisfied either prong of the *Strickland* test for ineffective assistance of counsel with regard to this allegation.

### THIRD ALLEGATION

Dartez's third allegation is that his trial counsel was ineffective because he failed to show respect by not standing up to address the judge during the sentencing hearing.  The transcript of the sentencing hearing indicates that, twice during the hearing, the district court requested that Dartez's counsel stand up when addressing the court.[45]  But there is no evidence in the record that the district court's sentencing decision was affected in any way by these incidents.  The district court described in great detail the factors considered in confecting the sentence.  Counsel's failure to stand up was not mentioned.  Therefore, there is no basis for concluding that this played any part in the district court's sentencing decision.  Dartez cannot demonstrate that his counsel's failure to stand up when addressing the court was prejudicial. Therefore, Dartez has not satisfied the *Strickland* test for ineffective assistance of counsel with regard to this allegation.

---

[45]        Rec. Doc. 39 at 14, 15.

## FOURTH ALLEGATION

Dartez's fourth allegation is that his trial counsel was ineffective because he failed to object to the sentence imposed, resulting in a plain error standard of review rather than an abuse of discretion standard of review being employed by the appellate court.  Although Dartez is correct that his counsel did not contemporaneously object to the sentence when it was imposed, the Fifth Circuit addressed this issue on appeal, when it expressly stated:  "It is not necessary to determine the sufficiency of Dartez's objection at his sentencing hearing because he has failed to show that his sentence is infirm even under an abuse of discretion standard."[46]   Thus, Dartez was not prejudiced by his counsel's failure to object, and he cannot satisfy the *Strickland* test for ineffective assistance of counsel with regard to this allegation.

## FIFTH ALLEGATION

Dartez's final allegation is that his trial counsel was ineffective because he failed to investigate mitigating factors relevant to the length of the sentence.  More particularly, he suggests that his counsel was deficient for failing to have Dartez undergo a psychological evaluation prior to sentencing.

---

[46]        Rec. Doc. 44 at 3.

To establish prejudice due to his trial counsel's alleged ineffectiveness, Dartez must show a reasonable probability that his sentence would have been shorter had his counsel more thoroughly investigated his mental health background.[47]  When counsel has no reason to believe that further investigation into a defendant's mental capacity or background would be useful, however, his failure to pursue those investigations cannot be challenged as unreasonable.[48]

In this case, the record contains no evidence tending to establish that Dartez had any psychological problems other than those recognized by the district court during the sentencing hearing.  The record shows that the district court considered the fact that Dartez was molested as a child[49] and suffers from depression as a result of that abuse[50] in making its sentencing decision and concluded that Dartez should receive mental health treatment in prison.[51]  The trial court expressly noted that "you need extensive mental health counseling and treatment."[52]  But there is no evidence

---

[47]    *United States v. Grammas*, 376 F.3d 433, 438 (5th Cir. 2004).

[48]    *Andrews v. Collins*, 21 F.3d 612, 623-624 (5th Cir. 1994).  See, also, *West v. Johnson*, 92 F.3d 1385, 1408 (5th Cir. 1996).

[49]    Rec. Doc. 39 at 36.

[50]    Rec. Doc. 39 at 16-17.

[51]    Rec. Doc. 17, 40, 43.

[52]    Rec. Doc. 39 at 39.

that Dartez suffered from any psychological problems other than those considered by the district court and, consequently, there is no evidence that a psychological evaluation would have resulted in a lighter sentence being imposed.  Since the record contains no evidence that Dartez had any additional mental health issues, there is no evidence that these actions on the part of his attorney would have resulted in a different sentence.  Furthermore, it is clear that the district court imposed a long sentence for the express purpose of helping to ensure that Dartez would receive any and all mental health counseling and treatment that he needs.[53]  Consequently, Dartez cannot establish the prejudice prong of the *Strickland* test for ineffective assistance of counsel with regard to this allegation. the requisite test.

In summary, Dartez has failed to establish that he was prejudiced by any of the five allegations of ineffective assistance of counsel.  Consequently, the undersigned finds that these claims lack merit and recommends that the motion be dismissed.

## Conclusion

For the reasons stated above,

**IT IS RECOMMENDED** that Dartez's motion to vacate, set aside, or correct his sentence (Rec. Doc. 53) be **DENIED**.

---

[53]     Rec. Doc. 39 at 40, 41.

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.  Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals.  Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue.  *See* 28 U.S.C. § 2253(c)(2).  A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this report and recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen days after being served with a copy of any objections or response to the District Judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual

-18-

findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.  *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Signed at Lafayette, Louisiana, this 22nd  day of March, 2011.

Patrick J. Hanna
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)